# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RONALD JEROME BEAL,

                        Plaintiff,

v.

SERGEANT RUSSELL SCHNEIDER,

                        Defendant.

Case No. 14-CV-229-JPS

**ORDER**

      Plaintiff Ronald Jerome Beal ("Beal"), who at all times relevant was a Wisconsin state prisoner, alleges in this action that Defendant, Sergeant Russell Schneider ("Schneider"), violated his civil rights through three discrete instances of sexual harassment: (1) an allegedly sexualized comment to Beal about a hot dog; (2) urinating in the restroom with the door open, in view of Beal and other inmates; and (3) forcing Beal and other inmates to shower naked while Schneider watched (the "shower claim"). *See* (Docket #42 at 4–5); (Docket #45 at 3–4). Schneider moved for summary judgment in October 2016, and the Court granted that motion in part in an order issued January 20, 2017. (Docket #62). The Court noted that while summary judgment should be granted as to the first two grounds for Beal's suit—the hot dog comment and the urination incident—both parties had overlooked the final ground. *Id.* at 11–12. Because of this, the Court permitted the parties to proceed with additional discovery and a second round of dispositive motions on the shower claim. *Id.*; (Docket #63).

      Schneider filed a second motion for summary judgment on April 21, 2017. (Docket #65). Under the abbreviated briefing schedule set by the Court, Beal's response was due fourteen days later. *See* (Docket #63 at 2). To

date, Beal has filed nothing in response to the motion. Because of this, and in light of the numerous warnings he received about the consequences of failing to respond to a dispositive motion, *see* (Docket #62 at 1–2), the Court finds that Beal has conceded each and every proposed statement of fact Schneider submitted, Fed. R. Civ. P. 56(e); Civ. L. R. 56(b)(4); *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003); *Hill v. Thalacker*, 210 F. App'x 513, 515 (7th Cir. 2006).

This, in turn, means that the Court's analysis of the present motion can be substantially truncated. The Court will assume familiarity with the factual background as explained in its prior summary judgment order. (Docket #62 at 2–4). The only facts relevant here are that Schneider, a correctional officer at Beal's prison, monitored inmates while they showered, and Beal claims that he sometimes ordered them to remove all their clothing while they showered. *Id.* at 5; (Docket #65 ¶¶ 10–17). Schneider says he did so to ensure that the showers remained sanitary and that inmates did not use showering time to simultaneously wash their clothes. (Docket #65 ¶¶ 10–17).

Schneider argues that Beal did not exhaust his administrative remedies with respect to the shower claim. (Docket #65 at 6–7). The Prison Litigation Reform Act ("PLRA") establishes that, prior to filing a lawsuit complaining about prison conditions, a prisoner must exhaust "such administrative remedies as are available[.]" 42 U.S.C. § 1997e(a). To do so, the prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules require," and he must do so precisely in accordance with those rules; substantial compliance does not satisfy the PLRA. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002); *Smith v. Zachary*, 255 F.3d 446, 452 (7th Cir. 2001); *Burrell v. Powers*, 431 F.3d 282, 284–

85 (7th Cir. 2005). Failure to exhaust administrative remedies is an affirmative defense to be pleaded and proved by the defendant. *Westefer v. Snyder*, 422 F.3d 570, 577 (7th Cir. 2005).

The Wisconsin Department of Corrections ("DOC") maintains an Inmate Complaint Review System ("ICRS") designed to provide a forum for inmate complaints. Wis. Admin. Code DOC § 310.04. Schneider asserts that Beal never submitted an inmate grievance under the ICRS regarding the shower claim. (Docket #67 ¶¶ 27–30). At most, says Schneider, Beal once vaguely mentioned the shower claim to a prison official who was investigating Schneider's hot dog comment. *Id.* ¶¶ 3–4, 18–26. Yet even in that instance, Beal never claimed that Schneider ever made *him* do anything untoward, only that he had witnessed some portion of an argument between another inmate and Schneider about disrobing in the shower. *Id.*

According to Schneider, Beal's lone comment was not the kind of notice of a claim required by the ICRS. This Court agrees. The prison's investigation into Schneider's hot dog comment was not the forum designated by the DOC for lodging complaints about guard misconduct. That function is reserved to the ICRS, and it is undisputed that Beal failed to submit an ICRS grievance that raised the shower claim. As a result, his claim must be dismissed for failure to exhaust administrative remedies. *Pozo*, 286 F.3d at 1025. Indeed, the Court must dismiss the claim without considering any of Schneider's arguments about its merits, since the Seventh Circuit instructs that the exhaustion requirement "gives prisons and their officials a valuable entitlement—the right not to face a decision on the merits—which courts must respect if a defendant chooses to invoke it."

*Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 536 (7th Cir 1999). This claim will, therefore, be dismissed without prejudice.[1]

Accordingly,

**IT IS ORDERED** that Defendant Sergeant Russell Schneider's second motion for summary judgment (Docket #65) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's shower claim be and the same is hereby **DISMISSED without prejudice** for failure to exhaust administrative remedies; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED.**

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 30th day of May, 2017.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Court

---

[1] Although it appears unlikely that Beal will be able to complete the ICRS process for the shower claim at this late date, dismissals for failure to exhaust are always without prejudice. *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004). Furthermore, while Schneider invites a substantive ruling on the claim, *see* (Docket #71 at 2–3), he cannot elect to raise an exhaustion defense and then expect the Court to dismiss the claim with prejudice for some merits-based reason. *See Perez*, 182 F.3d at 535 ("[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits[.]").